UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| TIMMY BYRGE | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-cv-156 |
| | ) | 3:03-cr-092 |
| | ) | *Phillips* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

Petitioner Timmy Byrge ("Byrge") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is DIRECTED to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Byrge pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). By judgment entered on March 26, 2004, he was sentenced to a term of imprisonment of 72 months; his sentence was the result of a four-level increase in his base offense level because eleven firearms were seized during the search of Byrge's home and a four-level increase because the firearms were possessed in connection with another felony

offense. He did not appeal his sentence. Byrge now alleges his enhanced sentence is invalid pursuant to the U.S. Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as extended by *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). He also alleges his attorney rendered ineffective assistance of counsel by failing to challenge his sentence under *Apprendi*.

In *Apprendi*, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490. Byrge was subject to a term of imprisonment of not more than 10 years, as provided in 18 U.S.C. § 924(a)(2). He acknowledged as much in his signed plea agreement. [Criminal Action No. 3:03-cr-92, Court File No. 24, Plea Agreement filed November 10, 2003, p. 2]. He also acknowledged that his sentence would "be based upon the entire scope of the defendant's criminal conduct, criminal history, and pursuant to other factors and guidelines set forth in the United States Sentencing Guidelines." [*Id*.].

Byrge was sentenced to a term of imprisonment of 72 months, his sentence did not exceed the statutory maximum penalty, and therefore *Apprendi* was not implicated in his sentencing. Byrge is not entitled to relief on this claim. To the extent Byrge alleges *Apprendi* is applicable based upon the *Blakely* decision, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as petitioner's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004)

2

In addition, any claim Byrge may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

Byrge's claim that his attorney rendered ineffective assistance of counsel by failing to challenge his sentence under *Apprendi* also lacks merit. As the court has noted, *Apprendi* is inapplicable in Byrge's case. Thus, there was no reason for counsel to have raised an *Apprendi* claim. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

It plainly appears from the face of the motion and the prior proceedings in the case that Byrge is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d

85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. The petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

      **AN APPROPRIATE ORDER WILL ENTER**.

                                               s/ Thomas W. Phillips
                                            United States District Judge